IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN ADDLESPURGER, 123601,  )
    Petitioner,                 )
                                )
    v.                          ) Civil Action No. 08-1410
                                )
TOM CORBETT, et al.,            )
    Respondents.                )

Memorandum and Order

Mitchell, M.J.:

Steven Addlespurger, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. The defendants have now filed a motion to dismiss. For the reasons set forth below, the motion will be granted; the petition will be dismissed and because no reasonable jurists could conclude that a basis for appeal exists, a certificate of appealability will be denied. An appropriate Order will be entered.

The events giving rise to this petition have their genesis several years ago. Following a separation and divorce, the petitioner was directed to pay child support and other sums. When he failed to do so, the Court of Common Pleas adjudicated him to be in civil contempt and sentenced him to up to six months imprisonment unless he purged himself of the contempt. The tortured history of this ongoing saga is summarized in the respondents' motion to dismiss:

> Due to repeated findings that he has willfully failed to comply with valid orders of court regarding the payment of child support, Steven Addlespurger has been sentenced to incarceration on the charge of civil contempt on the following dates: September 13, 2006; September 26, 2006; December 13, 2006; February 7, 2007; March 13, 2007; April 10, 2007; October 19, 2007; February 1, 2008; May 29,

1

2008; July 25, 2008 and September 3, 2008. However, as was the case on September 13, 2006, February 7, 2007, April 10, 2007, and February 1, 2008, the Honorable David N. Wecht suspended the sentence of incarceration on September 3, 2008 provided that Mr. Addlespurger purge himself of the charge of civil contempt ... Moreover, despite finding that Steven Addlespurger remained in civil contempt on October 10, 2008, the Honorable David N. Wecht did not order his incarceration. Instead, Judge Wecht again provided Mr. Addlespurger the opportunity to purge himself of the charge of civil contempt.. A review of the petitioner's compliance with the purge conditions set on October 10, 2008 is currently scheduled to be heard on February 6, 2009. To the best of the undersigned's information, knowledge and belief, neither Steven Addlespurger nor Julie Marie Addlespurger has filed a Notice of Appeal to the Superior Court of Pennsylvania in regard to the judgments and orders of court issued by the Honorable David N. Wecht on September 3, 2008 and October 10, 2008.[1]

At the time the instant complaint was filed, October 8, 2008, Addlespurger was an inmate at the Allegheny County Jail as a result of his most recent contempt citation. He has since been released.[2]

The respondents now move to dismiss and in support thereof allege that the petitioner is not "in custody" as required by 28 U.S.C. 2254(a); that the petitioner has failed to exhaust the available state court remedies, and finally on the merits because there is neither a showing of the state courts having made an unreasonable determination nor one that is contrary to clearly established federal law.

At the time the petitioner commenced this action, he was incarcerated at the Allegheny County Jail serving a six month civil contempt sentence.[3] Confinement pursuant to either civil or criminal process satisfies the "in custody" requirement of 28 U.S.C. 2254. Rogers v. Illinois, 160

---

[1] See: Motion to Dismiss, Document No.10 at p.14.

[2] See: Document No. 13.

[3] See: Petition at ¶¶ 1-3.

F.Supp.2d 972 (N.D.Ill.2001). Thus, the "in custody" argument is without merit.

The respondents next contend that the petition is subject to dismissal for failure to exhaust the available state court remedies.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

In the instant case, the petitioner notes that on prior occasions when he attempted to appeal civil commitments to the Superior Court his appeals have been quashed as interlocutory. However, he does not indicate that in the instant case he attempted to appeal and the respondents have represented that to the best of their knowledge, he has not done so.[4] However, he apparently unsuccessfully sought to file a judicial misconduct complaint with the Pennsylvania Supreme

---

[4] See: Petition at ¶ 12.

Court.[5]

What is of concern here, is that despite his repeated incarcerations, the petitioner is unable to secure appellate review in that his appeals are dismissed as interlocutory. That is, the instant case is a situation capable of repetition but evading review. In instances where a procedural bar would prevent exhaustion in the state courts, a federal court may proceed to consider the claims. Harris v. Reed, 489 U.S. 255, 263 n.9 (1989)( "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred). See also: Smith v. Maher, 468 F.Supp.2d 466 (W.D.N.Y. 2006). In the present case, it would appear that despite repeated incarcerations, the petitioner is procedurally barred from pursuing his appellate remedies as his appeal is classified as interlocutory, and thus, in reality he has no state court remedies available to him.

As the Court observed in Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005):

> An exception to the exhaustion requirement exists, however, when there is no corrective State process available or existing circumstances render such process ineffective to protect the petitioner's rights... This Court has found the exhaustion requirement satisfied when a state's procedural rules prevent a petitioner from seeking further relief in the state courts.

Such is the case here for despite his repeated efforts to seek review of his incarceration by the Superior Court, that Court has consistently dismissed his appeals as interlocutory. Therefore, under such circumstances, the petitioner has no procedural means of gaining state appellate review, and for this reason he has no appellate remedies and the merits of his claim are properly entertained here.

As summarized above, the petitioner has been repeatedly held in civil contempt for

---

[5] See: Petition at ¶¶ 9, 11.

failure to meet his child and marital support obligations. As a result he has endured brief periods of incarceration although he always had the opportunity to immediately purge himself of the contempt by fulfilling his court imposed obligations.

>It is provided in 23 Pa.C.S.A. 4345 that :
>
>(a) A person who willfully fails to comply with any order under this chapter [regarding support matters], except an order subject to section 4344 (relating to contempt for failure of obligor to appear), may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:
>
>(1) Imprisonment for a period not to exceed six months.
>(2) A fine not to exceed $1,000.
>(3) Probation for a period not to exceed one year.
>
>(b) An order committing a defendant to jail under this section shall specify the condition the fulfillment of which will result in the release of the obligor.

As a matter of state law, these provisions are not subject to federal habeas corpus review. Johnson,v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

Additionally, in Feiock v. Feiock, 485 U.S. 624, 633 (1988), the Court reviewed the nature of contempt proceedings and concluded that those sentences which have alternatives and are designed to secure compliance with an order are "civil" in nature, while those that sentences which are "determinate" and "unconditional" in nature are criminal. As the Court summarized:

>The distinction between relief that is civil in nature and relief that is criminal in nature has been repeated and followed in many cases. An unconditional penalty is criminal in nature because it is 'solely and exclusively punitive in character ... A conditional penalty, by contrast, is civil because it is specifically designed to compel the doing of some act. "One who is fined, unless by a day certain he [does the act ordered], has it in his power to avoid any penalty. And those who are imprisoned until they obey the order 'carry the keys of their prison in their own pockets.'" (citing cases).

The Court in Feiock ultimately concluded that where the proceedings are civil in nature,

the statutory presumption in the validity of the support determination does not violate due process. Pennsylvania provides an elaborate mechanism for determining support obligations. See: 23 Pa.C.S.A. 4305 et seq., including a rebuttable presumption in the appropriateness of the award. 23 Pa.C.S.A. 4322(b). Thus, the scheme under which the petitioner's obligation was determined is entitled to a presumption of correctness; he has always been provided with a hearing to determine what consequences if any should be applied if he failed to meet his obligations, and he has always had the means to avoid incarceration exclusively within his control. For this reason, no due process violation occurred and there is no demonstrated unreasonable or improper application of Supreme Court case law.

For these reasons, the petition here is without merit. Accordingly, the respondents' motion to dismiss the petition of Steven Addlespurger will be granted; the petition of Steven Addlespurger for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a viable basis for appear exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell
United States Magistrate Judge

ORDER

AND NOW, this 9th day of December, 2008, for the reasons set forth in the foregoing Memorandum, the respondents' motion to dismiss the petition of Steven Addlespurger is granted; the petition of Steven Addlespurger for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a viable basis for appear exists, a certificate of appealability is denied.

s/ Robert C. Mitchell
United States Magistrate Judge